IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL JOHNSON, BYRON TREADWELL, NATALIE McFALL, FREDERICK TARVER, and CANDICE McGEE, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO, et al., <br><br> Defendants. | No. 03 C 6620 <br><br> Judge William T. Hart <br> Magistrate Judge Keys <br><br> Jury Trial Demanded |

## NOTICE OF FILING

TO:  Locke E. Bowman
MacArthur Justice Center
University of Chicago Law School
1111 E. 60th St.
Chicago, IL 60637

Craig B. Futterman
Mandel Legal Aid Clinic
University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637

**PLEASE TAKE NOTICE** that I have filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE.**

DATED at Chicago, Illinois, this 21st day of December, 2004.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel for the City of Chicago

BY: _____
SARA L. ELLIS
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-6919
Atty No. 06224868

## CERTIFICATE OF SERVICE

I, Sara L. Ellis, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE.** and **NOTICE OF MOTION** to be served on the persons named on the notice of motion via U.S. Mail, and facsimile without attachments on this 24th day of December, 2004.

SARA L. ELLIS
Assistant Corporation Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
DEC 21 2004
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GAIL JOHNSON, BYRON TREADWELL, NATALIE McFALL, FREDERICK TARVER, and CANDICE McGEE, ) ) ) ) | |
| Plaintiffs, ) | No. 03 C 6620 |
| ) | Judge William T. Hart |
| v. ) | Magistrate Judge Keys |
| ) | |
| THE CITY OF CHICAGO, et al., ) ) | Jury Trial Demanded |
| Defendants. ) | |

**DOCKETED**
DEC 22 2004

## DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE

Defendants, by their respective attorneys, for their reply in support of their motion for referral to the magistrate judge for a settlement conference state:

Plaintiff's response to defendants' motion for referral to a magistrate judge for a settlement conference both misses the mark and makes defendants' position abundantly clear and reasonable. Plaintiffs insist that their refusal to engage in settlement discussions is justified because they have the right to sue whomever they choose and litigate whatever issues they desire. Therefore, a settlement conference cannot proceed without some discussion of the entry of a consent decree on the part of the City. That position is patently ridiculous.

As explained in the defendants' motion, plaintiffs have not pleaded, and have no standing to bring, an injunctive claim. Even if this litigation were to proceed to trial, and plaintiffs were to succeed on every claim against all of the defendants, *plaintiffs would not and could not obtain a consent decree against the City*. Securing a judgment against the City on the policy and

78

supervisory claims would entitle the plaintiffs to absolutely **nothing** – no additional money and no consent decree. All the plaintiffs would have is a finding that the City has engaged in the practice of holding witnesses in criminal investigations against their will. That judgment and 50¢ will get the plaintiffs a cup of coffee. However, stringing this litigation out over the years that it would take to complete discovery and proceed to judgment would enormously increase the amount of attorneys' fees that plaintiffs' counsel could seek to recover, providing that plaintiffs are the prevailing party.

It would be quite another matter if the parties were private citizens spending their own money and engaged in protracted litigation for litigation's sake. This is not the case here. The defendants in this matter are all being defended by taxpayer dollars. Protracted litigation on an issue that ultimately will bring no additional tangible benefit to the plaintiffs is a waste of taxpayer funds. This Court must be sensitive to indiscriminate use of taxpayers funds, especially at a time when these funds are at an all-time low.

Plaintiffs' argument that this motion is designed to prevent them from suing whichever parties they wish and litigating whichever legal theories they wish is specious. A settlement conference would not stifle their ability to sue anyone or advance any legal theory. Plaintiffs' position on this matter is yet another reason that the City's prior motion to preclude discovery and trial on the policy claim remains persuasive and meritorious and should be reviewed by this Court. Because plaintiffs have not pleaded an injunctive claim, any judgment entered against the City on the policy and supervisory claims gains them nothing.

Accordingly, the defendants respectfully request that this Court refer this case to the magistrate judge for a settlement conference.

2

## CONCLUSION

For the above-stated reasons and those reasons set forth in their motion, the defendants respectfully request this Court to refer this matter to the magistrate judge for a settlement conference.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

By: *[signature]*
Sara L. Ellis
Assistant Corporation Counsel

SARA L. ELLIS
GEORGE J. YAMIN JR.
Assistants Corporation Counsel
30 N. LaSalle, Ste. 900
Chicago, IL 60602
(312) 744-6919
Atty No. 06224868

JOHN M. BRODERICK
Pugh, Jones & Johnson & Quandt, P.C.
180 N. LaSalle, Ste. 3400
Chicago, IL 60601