UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 03 C 6620 |
| v. | ) | |
| | ) | Judge Hart |
| THE CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Keys |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' RESPONSE
TO PLAINTIFFS' MOTION TO COMPEL**

NOW COME the Individual Defendants, by and through their attorneys Pugh, Jones & Johnson, P.C., and pursuant to Rule 37 and Local Rule 37.2 and submit their response to Plaintiffs' Motion to Compel.

1. On July 21, 2005, Plaintiffs filed their Motion to compel Individual Defendants to appear for depositions.

2. Plaintiffs have failed to comply with Local Rule 37.2 and therefore their motion should be denied.

3. Plaintiffs acknowledge that all defendants requested that discovery be delayed while the motion requesting a settlement conference was pending.

4. On June 14, 2005, the Court denied the motion requesting the settlement conference.

5. On June 29, 2005, all counsel were advised by the attorneys for the City of Chicago that they would be unavailable for depositions until July 10, 2005. See Exhibit A.

6. Since the motion for settlement conference has been denied, plaintiffs

1

have not initiated any discussions regarding the scheduling of any further party depositions. Such a conference should be required under Rule 37.2.

7. The number of parties in this case and the number of attorneys in this case are additional reasons why the requirements of Rule 37.2 should be strictly adhered to.

8. Counsel for the individual defendants objects to any suggestion that he has not been responsive or cooperative in discovery.

WHEREFORE, the Individual Defendants respectfully request Plaintiff's Motion to Compel be denied or grant any such relief as the Court may deem just and fair.

Respectfully submitted,<br>
INDIVIDUAL DEFENDANTS<br><br>

By: _John M. Broderick_<br>
One of Defendants' Attorneys

Stephen H. Pugh
John M. Broderick
PUGH, JONES, JOHNSON & QUANDT, P.C.
180 N. LaSalle Street
Suite 3400
Chicago, Illinois 60601
(312) 768-7800
(312) 768-7801

*VIA FAX AND U.S. MAIL*

June 29, 2005

Locke E. Bowman
MacArthur Justice Center
1111 East 60th Street
Chicago, Illinois 60637

Re:   Johnson v. City of Chicago, et al. (03 C 6620)

Dear Counsel:

In response to your letter to us dated June 13, 2005, but faxed on June 24, 2005, please be advised of the following:

With regard to plaintiffs' request, pursuant to Rule 30(b)(6), to depose "the person designated by the Chicago Police Department as most knowledgeable about the Department's training of detectives on how to treat and interview witnesses at Chicago Police Department facilities," it will be necessary for the City to produce two different persons in order adequately to address training as to how to interview witnesses, and training concerning "Fourth Amendment issues" – two logically distinct topics that may be parsed out from plaintiffs' request. Consequently, the City proposes producing these deponents during the last week of July (the week of July 25 through July 29), and asks that plaintiffs provide us with dates during that week when they are available to conduct these depositions, so that they can be scheduled at the convenience of all concerned. Please also be aware that this proposed time frame for these depositions is dictated, in part, by the fact that Ms. Ellis and I have (or will have) taken vacation time, *seriatim*, from June 16 through July 10.

With regard to the deposition of Superintendent Cline, the City does not object to producing the Superintendent for deposition but he is unavailable in July for this purpose. We have asked him for deposition dates in August, and we will inform you of these dates when they are provided to us, so that his deposition may be scheduled.

Concerning the deposition of Superintendent Cline, the City's willingness to produce him for deposition voluntarily is contingent upon his deposition being limited in terms both of its scope and its length. As to scope, the City opposes plaintiffs' pursuing lines of

inquiry, and asking specific questions, that were the subject of Superintendent Cline's testimony at the hearing in FDLA. Since plaintiffs in Ayala have already sought to make that testimony part of the evidentiary record in that case, this limitation is a reasonable one, and one apparently contemplated by plaintiffs themselves. As to its duration, the City insists that the deposition also be limited, given Superintendent Cline's status as a busy public official, as recognized by the Seventh Circuit in Olivieri v. Rodriguez. We currently are discussing with him what we believe to be a reasonable amount of time for him to sit for a deposition, and will contact you as soon as we have a specific proposal. Finally, the City agrees to produce Superintendent Cline, as well as the Rule 30(b)(6) witnesses, only once for deposition in both Johnson and Ayala, as plaintiffs in both cases have made identical claims against the City and the Superintendent.

We hope that the parties can agree to fair and reasonable limitations upon these depositions, especially that of Superintendent Cline. However, if such limitations cannot be mutually agreed upon, the City will ask the court to impose them upon this discovery, pursuant to Rule 26(c).

Sincerely,


George J. Yamin, Jr.
Senior Counsel

cc: John M. Broderick (*via* email)

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I caused a true and correct copy of the attached Individual Defendants Response to Motion to Compel, to be served upon the individuals listed below by faxing same on July 26, 2005 by 5:00 p.m.

Locke E. Bowman
Richard Schwartz, Law Student
MacArthur Justice Center
1111 East 60th Street
Chicago, Illinois 60637
(773) 753-4405
(773) 702-0771 (fax)

Craig B. Futterman
Mandel Legal Aid Clinic
University of Chicago Law School
6020 S. University Avenue
Chicago, Illinois
(773) 702-9611
(773) 702-2063 (fax)

George J. Yamin, Jr.
Sara Ellis
City of Chicago
Law Department
Corporation Counsel
30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-5100
(312) 744-6912 (fax)

*John M. Brodersen* [signature]